IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEON HARRISON,                           No   C-04-4880 VRW

    Plaintiff,                        ORDER

    v

COMCAST, et al,

    Defendants.
    _____/

        Defendant Comcast of California/Colorado/Texas/ Washington, Inc, moved for summary judgment on September 26, 2005. Doc #21. Plaintiff Leon Harrison did not file an opposition to defendant's motion, but instead on December 1, 2005, filed a motion to enlarge time to respond to defendant's motion for summary judgment. Doc #30. For the reasons stated below, the court GRANTS Harrison's motion to enlarge time.

        Throughout this litigation, Harrison has claimed that he has had problems with his attorney, Melina Burns. On February 5, 2005, Harrison himself filed a letter with the court, contending that his attorney has failed to represent him adequately and has been reported to the State Bar for ethical lapses and requesting

that this "case not be dismissed until I can retain a new attorney." Doc #10. On February 9, 2005, the court issued an order indicating that "Burns' registered e-mail address for electronic filing is 'invalidaddress@myrealbox.com,' which the court suspects is not a valid e-mail address." Doc #11 at 1. The court reminded Harrison that "unless he elects to proceed pro se, his communication with the court should be through counsel, with copies of all correspondence served on defendant." Id at 2. Nonetheless, the court directed the clerk "to add plaintiff to the service list at the return address he provided" "in view of Burns' questionable e-mail address and the appearance that plaintiff is effectively proceeding pro se." Id.

On August 5, 2005, Harrison filed an application for an order extending time. Doc #20. Although it is unclear what extension Harrison was seeking, Harrison appears to have claimed that he needed more time to complete depositions prior to the dispositive motions date of September 15, 2005. Id at 2.

Also on August 5, 2005, Harrison filed a notice that Burns was no longer representing him and that Harrison would be representing himself. Doc #18. In a supporting declaration, Harrison stated that Burns "did not appear at any of the hearing dates or inform me if I needed to be present." Doc #19.

In the present motion, Harrison again claims that "Burns agreed to [begin] discovery [but] she did not do the agreed upon discovery [and] she did not show up when I was deposed." Doc #30 at 1. Harrison also indicates that he did not file an opposition to defendant's summary judgment motion because, "I had been previously instructed to contact the court only through my

2

attorney.  Not being an attorney I expected to receive a signed order before submitting documents.  I have never received a court order authorizing me to represent myself."  Id.  In fact, the court administratively terminated Burns as Harrison's attorney on August 5, 2005, but it appears that no notice was mailed to Harrison.

FRCP 6(b) permits the court upon a showing of cause to extend an already-expired deadline "where the failure to act was the result of excusable neglect."  Harrison apparently never received notice that he was authorized to proceed pro se.  Given the apparent confusion that Harrison encountered regarding his representation by Burns and given that Harrison is proceeding pro se, his error here is unfortunate but understandable.

Because it is preferable to decide cases on their merits, the court GRANTS Harrison's motion.  Doc #30.  Harrison must file his opposition to defendant's summary judgment motion by March 17, 2006.  If defendant so desires, defendant may file a reply by March 24, 2006.  The court will not provide any further extensions in this case.

Going forward, Harrison will be deemed to be proceeding in propria persona and expected to comply with all applicable rules and orders of the court and to do so in a timely fashion.

IT IS SO ORDERED.

/s/ Vaughn R Walker

VAUGHN R WALKER
United States District Chief Judge